### SMART *v.* GALE.

When a stock of goods together with the furniture and fixtures in a store is sold for a gross sum, and there is a failure of title as to the fixtures, the purchaser cannot maintain an action for money had and received to recover back a portion of the purchase-money on the ground of a partial failure of consideration, but his remedy is upon the contract.

ASSUMPSIT, for money had and received. Facts found by a referee. September 3, 1879, the plaintiff purchased of the defendant the stock of goods, furniture, fixtures, and good-will of a fruit store in Concord, for the sum of $3,200, with an agreement that neither the defendant, nor his son who had been a clerk in the store, should engage in the same business in Concord for ten years, agreeing to pay therefor by conveying to the defendant a house valued at $2,400, and giving notes for $600 and $200, secured by mortgage on all the property in the store except the stock. The defendant, by a bill of sale under seal, conveyed to the plaintiff all the stock in trade, furniture, fixtures, including shelving and counters, and all other personal property in the store and store cellar. The bill of sale also contained the following: "And I hereby covenant with the said grantee that I am the lawful owner of the said goods and chattels, that they are free from all incumbrances, and that I have good right to sell the same as aforesaid, and that I will warrant and defend the same against the lawful claims and

demands of all persons." He also gave to the plaintiff a bond in accordance with his agreement not to engage in business for ten years. The plaintiff conveyed the house to the defendant, and gave him a note for $600, and a note for $200, secured by mortgage, as had been agreed. No price was fixed for any portion of the defendant's property separate from the rest. The plaintiff immediately entered into possession of the store and other property purchased. He did not rescind or attempt to rescind the contract. He did not reconvey or offer the property, or any part of it, back to the defendant. In December, 1879, he was informed that the owner of the store owned the fixtures, and thereupon he commenced this action, December 17, 1879. He continued to occupy the store till about June 1, 1880, when he abandoned it, and surrendered the key to the agent of the owner, leaving therein all the property purchased of the defendant except the stock of goods.

*Gould & Martin*, for the plaintiff.

*Leach & Stevens*, for the defendant.

CLARK, J.  The plaintiff seeks to recover the value of the fixtures on the ground of a failure of consideration. This is not a case of a payment made upon a legal consideration which has wholly failed, and may therefore be recovered back. *Leach* v. *Tilton*, 40 N. H. 473, 475. There was no separate valuation of the fixtures, and no offer to return them. *Weeks* v. *Robie*, 42 N. H. 316. The contract was entire, and has never been rescinded, and the action cannot be maintained. *Way* v. *Cutting*, 17 N. H. 450; *Miner* v. *Bradley*, 22 Pick. 457; *Clark* v. *Baker*, 5 Met. 452; *Bassett* v. *Percival*, 5 Allen 345.

*Judgment for the defendant.*

ALLEN, J., did not sit: the others concurred.